1

2                  IN THE UNITED STATES DISTRICT COURT

3                  FOR THE EASTERN DISTRICT OF CALIFORNIA

4

5

6    TOMMY BROWN,

7              Plaintiff,                    CV F 04 6736 REC WMW P

8        vs.                                 ORDER DISMISSING COMPLAINT
                                             WITH LEAVE TO AMEND
9    _____

10   CITY OF BAKERSFIELD, et al.,

11             Defendants.

12

13

14         Plaintiff is an inmate in the Kern County Jail proceeding pro se.  Plaintiff seeks

15   relief pursuant to 42 U.S.C. § 1983. This proceeding was referred to this court by Local Rule 72-

16   302 pursuant to 28 U.S.C. § 636(b)(1).

17         This action proceeds on the original complaint.  Plaintiff names as defendants

18   several officers of the Bakersfield Police Department, as well as the City of Bakersfield.

19   Plaintiff claims that he was subjected to excessive force.

20         The Civil Rights Act under which this action proceeds plainly requires that there

21   be an actual connection or link between the actions of the defendants and the deprivation alleged

22   to have been suffered by plaintiff.  See Monell v. Department of Social Services, 436 U.S. 658

23   (1978); Rizzo v. Goode, 423 U.S. 362 (1976).  The Ninth Circuit has held that "[a] person

24   'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983,

25   if he does an affirmative act, participates in another's affirmative acts or omits to perform an act

26

                                            1

1 which he is legally required to do that causes the deprivation of which the complaint is made."

2 Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

3           Plaintiff does not allege that there was a judgment of conviction entered against

4 him at the time of the events at issue.   The Eighth Amendment's prohibition against the sadistic

5 or malicious use of force does not apply "until after conviction and sentence," Graham v.

6 Connor, 490 U.S. 386, 392, n.6 (1989); Ingraham v. Wright, 430 U.S. 651, 671, n.40

7 (1977)("Eighth Amendment scrutiny is appropriate only after the State has complied with the

8 constitutional guarantees traditionally associated with criminal prosecutions.").  Because

9 plaintiff was a pretrial detainee, his claim of excessive force will be governed by the Fourth

10 Amendment.

11 The amount of force necessary to effect an arrest is measured by a standard of "reasonableness"

12 standard derived from the Fourth Amendment.  Graham, 490 U.S. at 392.

13           Determining whether the force used to effect a particular seizure is
   "reasonable" under the Fourth Amendment requires a careful
14           balancing of "'the nature and quality of the intrusion on the
   individual's Fourth Amendment interests'" against the
15           countervailing governmental interests at stake.  [Citations
   omitted.] ... Because "[t]he test of reasonableness under the Fourth
16           Amendment is not capable of precise definition or mechanical
   application," [citation omitted], however, its proper application
17           requires careful attention to the facts and circumstances of each
   particular case, including the severity of the crime at issue,
18           whether the suspect poses an immediate threat to the safety of the
   officers or others, and whether is actively resisting arrest or
19           attempting to evade arrest by flight.

20 Id. at 1871-2.

21           In his complaint, plaintiff fails to allege specific facts, and link those facts to the

22 conduct of individual defendants.  Plaintiff lists each defendant, then states the conclusion that

23 the individual subjected plaintiff to excessive force.   In order to state a claim, plaintiff must

24 allege specific facts as to each defendant that indicates that the individual engaged in conduct

25 that constitutes excessive force, as that term is defined above.

26

As to the City of Bakersfield, "[M]unicipal liability under § 1983 attaches where - and only where - a deliberate choice to follow a course of action is made from among various alternatives by the official or officials responsible for establishing final policy with respect to the subject matter in question." Pembaur v. City of Cincinnati, 475 U.S. 469, 483-84 (1985). "Congress did not intend municipalities to be held liable unless action pursuant to official municipal policy of some nature caused a constitutional tort." Id. at 477 (quoting Monell v. New York City Dep't of Soc. Servs., 436 U.S. 658, 691 (1978).   Because plaintiff has failed to allege any specific conduct as to defendants, the City of Bakersfield can not be liable.

The court finds the allegations in plaintiff's complaint vague and conclusory. The court has determined that the complaint does not contain a short and plain statement as required by Fed. R. Civ. P. 8(a)(2).  Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly. Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).  Plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support plaintiff's claim.  Id.  Because plaintiff has failed to comply with the requirements of Fed. R. Civ. P. 8(a)(2), the complaint must be dismissed.  The court will, however, grant leave to file an amended complaint.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  Also, the complaint must allege in specific terms how each named defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation.  Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in

1   order to make plaintiff's amended complaint complete.  Local Rule 15-220 requires that an

2   amended complaint be complete in itself without reference to any prior pleading.  This is

3   because, as a  general rule, an amended complaint supersedes the original complaint.  See Loux

4   v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original

5   pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an

6   original complaint, each claim and the involvement of each defendant must be sufficiently

7   alleged.

8          In accordance with the above, IT IS HEREBY ORDERED that:

9          1.  Plaintiff's complaint is dismissed; and

10         2.  Plaintiff is granted thirty days from the date of service of this order to file a

11   first amended complaint that complies with the requirements of the Civil Rights Act, the Federal

12   Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the

13   docket number assigned this case and must be labeled "First Amended Complaint"; plaintiff

14   must file an original and two copies of the amended complaint; failure to file an amended

15   complaint in accordance with this order will result in a recommendation that this action be

16   dismissed.

17

18   IT IS SO ORDERED.

19   **Dated:    May 10, 2005**              _____/s/  William M. Wunderlich_____
     mmkd34                                    UNITED STATES MAGISTRATE JUDGE

20

21

22

23

24

25

26